WILLIAM R. MESSICK,

*vs.*

ELLA S. JOHNSON and WILLIAM O. JOHNSON, Sheriff.

*Sussex, Sept.* 5,   1919.

Order refusing to grant preliminary injunction, not constituting a final disposition of the cause, did not preclude the granting of leave to complainant to amend bill while action was still pending and before a pleading had been filed by defendants.

In passing on an application to amend a bill before defendant has filed any pleading, the effect of the amendment and the sufficiency of the amended bill to state grounds for equitable relief are not to be considered.

MOTION TO FILE AN AMENDED BILL.   Upon filing the original bill of complaint notice was given to the defendants of the intention of the complainant to apply for a restraining order.   A hearing, was had and the restraining order denied.   No further steps were taken in the case, and on September 5, 1919, after notice to the defendant's solicitors, application was made on behalf of the complainant to file an amended bill.     The facts necessary for the decision of this application are set forth in the opinion.

*Woodburn Martin* and *Charles W. Cullen,* for the complainant.
*Daniel J. Layton* and *James M. Tunnell,* for the defendants.

THE CHANCELLOR.   An application has been made on the part of the solicitor for the complainant to file an amended bill in the above cause, and notice of the application has been given to the solicitors for the defendants.

After the original bill was filed a hearing was had on a rule to show cause why a preliminary injunction should not be awarded, and in June, 1919, an order was made denying the motion on the ground, as therein stated, that the complainant had a full, adequate and complete remedy in a court of law.   Since which time no further step has been taken in the cause until this application was made.   No answer, plea or demurrer has been filed.

It is not at all clear that the order refusing the preliminary injunction was a final disposition of the cause, and being still pending and no pleading having been filed by the defendants, it is amendable if a proper amendment be submitted.

After consideration of the original and amended bill it is clear that no tenable objection lies to the giving of leave to file the amended bill. It is not a sufficient ground that it sets out matters which occurred subsequent to the filing of the bill. Rule 51. In passing on the present application the effect of the amendment is not to be considered, nor the sufficiency of the amended bill to state grounds for equitable relief. There seems to be no question of good faith on the part of the complainant. Until the cause has reached a final stage, so that the losing party may, if he desires, take an appeal therefrom, the cause must either proceed to that stage, or be dismissed voluntarily, or on motion. A demurrer to the amended bill when filed would raise the question whether the complainant has full relief at law, and if sustained might result in an order dismissing the bill. Besides, much latitude is allowed in granting leave to amend.

Leave will be granted, therefore, to file the amended bill, and the defendants be required to plead, answer or demur within thirty days.